<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JANE DOE "S.A.T.," <br><br> Plaintiff, <br><br> v. <br><br> WYNDHAM HOTELS & RESORTS, INC., RAMADA FRANCHISE SYSTEM, INC., GLOBAL HOSPITALITY, L.P., PRAMUKHRAJ IRVING LLC, <br><br> Defendants. | Civil Action No. 24-11511 (SDW) (JBC) <br><br> **WHEREAS OPINION & ORDER** <br><br> September 23, 2025 |

**THIS MATTER** having come before this Court upon Defendant Global Hospitality, L.P.'s ("Global Hospitality" or "Defendant") Motion to Set Aside Default Judgment entered against it on September 4, 2025, (D.E. 37 ("Motion")); and

**WHEREAS** Federal Rule of Civil Procedure ("Rule") 55(c) provides that "[t]he court may set aside an entry of default for good cause." In deciding a motion to vacate a default judgment, "a standard of 'liberality,' rather than 'strictness' should be applied in acting on a motion to set aside a default judgment, and that '[a]ny doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits.'" *Medunic v. Lederer*, 533 F.2d 891, 893–94 (3d Cir. 1976) (alteration in original) (quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 245–46 (3d Cir. 1951)); and

**WHEREAS** in its response to Defendant's Motion Plaintiff acknowledges she made an inadvertent filing error and does not oppose Global Hospitality's Motion. (D.E. 38 at 2);

**WHEREAS** both parties request that the case proceed on the merits; therefore

Defendant's Motion to Set Aside Default Judgment is **GRANTED**.

**SO ORDERED.**


    /s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**


Orig:        Clerk
cc:          Parties
             James B. Clark, U.S.M.J.